**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CHASITY LADAWN EARLEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  1:17-cv-01216 |
| GC SERVICES LIMITED PARTNERSHIP, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CHASITY LADAWN EARLEY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GC SERVICES LIMITED PARTNERSHIP ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4.   Plaintiff is a 38 year old natural person residing at 1111 North Highway 123 Bypass, Apartment 802, Seguin, Texas, which is located within the Western District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant boasts, "GC Services is the largest private collection agency in the United States, with domestic ownership and extensive experience on third party collection programs. Since GC Services' inception in 1957, we have been dedicated to a customized operational approach for each and every collection program, which results in superior performance and proven expertise."[1] With a principal office located at 6330 Gulfton, Suite 303, Houston, Texas, Defendant is in the business of collecting consumer debts for others.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.    The instant action arises out of the nature of Defendant's attempt to collect upon a student loan debt said ("subject debt") said to be owed by Plaintiff.

10.   Beginning in 2017, Plaintiff began receiving calls to her cellular phone, (830) XXX-8578, from Defendant.

---

[1] https://www.gcserv.com/accountsreceivablemanagement/thirdpartyreceivables.aspx

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8578.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used several different numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (210) 899-0212, (210) 899-0151, and (210) 899-0181.

13.  Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14.  Upon answering phone calls from Defendant, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

15.  Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

16.  Plaintiff informed Defendant that she was unable to make payment, yet the calls continued.

17.  Frustrated by Defendant's continued collection efforts, Plaintiff returned one of Defendant's phone calls to demand that the calls stop.

18.  Plaintiff reiterated her demands on multiple occasions.

19.  Despite Plaintiff's demands, Defendant continued to persistently place collection calls to her cellular phone for months.

20.  Plaintiff has received not less than 16 phone calls from Defendant since asking it to stop calling.

21.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

3

23.   During the time period when Plaintiff was receiving collection calls from Defendant, she was admitted to a local hospital as a result of a nervous breakdown, brought on in part from the significant stress created by Defendant's incessant collection efforts.

24.   With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $60.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls.  However, the communications have continued.

25.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals since 1985.[2]

---

[2] http://www.acainternational.org/search#memberdirectory

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 16 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant cease

5

its contacts, Defendant continued to repeatedly contact Plaintiff via automated calls.  Instead of putting an end to this harassing behavior, Defendant proceeded to contact Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

    **c.  Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 16 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 20 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHASITY LADAWN EARLEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40.   Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43.   Defendant violated the TCPA by placing at least 16 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's numerous demands that it cease contacting her.

44. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

7

WHEREFORE, Plaintiff, CHASITY LADAWN EARLEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

49. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 16 times after she notified it to stop calling. The repeated contacts were made with the hope that

8

Plaintiff would succumb to the harassing behavior and ultimately make a payment.  The nature and volume of phone calls would naturally cause an individual to feel oppressed.

52. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing conduct.  Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, CHASITY LADAWN EARLEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2017                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                       Counsel for Plaintiff
Admitted in the Western District of Texas   Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                     Lombard, Illinois 60148
(630) 568-3056 (phone)                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                    thatz@sulaimanlaw.com